FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**AUG 17 2006**

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

MARK C. CHRISTENSON,

8                                              )   No. CV-06-225-AAM
                                               )
9                                              )   **ORDER OF DISMISSAL**
                                               )
10                   Plaintiff,                )
                                               )
11          vs.                                )
                                               )
12                                             )
    WASHINGTON STATE COURT                     )
13  OF APPEALS, DIVISION III,                  )
                                               )
14                                             )
                                               )
15                   Defendant.                )
                                               )
16  _____

17          The *pro se* plaintiff has filed a "Complaint" *in forma pauperis* against the

18  Washington Court of Appeals, Division III, for "Unheard Petition, Unanswered

19  Petition."  It appears the plaintiff contends the Washington Court of Appeals has

20  failed to hear and respond to some type of petition he filed with that court.  Other than

21  his conclusory assertion of "Unheard Petition, Unanswered Petition," the plaintiff

22  offers no additional facts or details in support of his complaint.  The plaintiff also

23  does not allege any basis for this court's subject matter jurisdiction.  Therefore, the

24  complaint fails to comply with Fed. R. Civ. P. 8(a) which requires a short and plain

25  statement of the grounds upon which the court's jurisdiction depends, a short and

26  plain statement of the claim showing that the pleader is entitled to relief, and a

27  demand for judgment for the relief the pleader seeks.

28          In any event, the Eleventh Amendment bars federal suits against state courts

**ORDER OF DISMISSAL-          1**

and other branches of state government. *Landers v. Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994).   Furthermore, per the *Rooker-Feldman* doctrine, a federal court does not have subject matter jurisdiction to review a state court of appeals decision. Judicial errors committed in Washington state courts are for correction in that state court system. *Id.* at 732. Finally, this court does not have subject matter jurisdiction to compel the state court of appeals to hear or answer petitions the plaintiff has filed with the state court of appeals. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966).   Based on these authorities, it appears it would not be possible for the plaintiff to allege a valid basis for federal subject matter jurisdiction and therefore, there is no reason to provide the plaintiff with an opportunity to amend his complaint. *Sua sponte* dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) is appropriate.

Plaintiff's complaint is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.   The District executive shall enter judgment accordingly, forward copies of the judgment and this order to the plaintiff, and close this file.

**DATED** this 17th of August, 2006.

ALAN A. McDONALD
Senior United States District Judge

**ORDER OF DISMISSAL-**          **2**